**AMERICAN MOTORISTS INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**GTE CORPORATION, Defendant–Appellee.**

**Docket No. 01–7323.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2002.

Todd S. Schenk; Ngozi C. Okorafor–Johns, on the brief, Tressler, Soderstrom, Maloney & Priess, Chicago, I.L.; Albert C. Hilber, Tressler, Soderstrom, Maloney & Priess, Newark, NJ, on the brief, for Plaintiff–Appellant.

Richard D. Milone, Jr.; Heather Keele, on the brief, Gilbert, Heintz & Randolph, L.L.P., Washington, DC, for Defendant–Appellee.

Present KEARSE, CALABRESI, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

American Motorists Insurance Company ("AMICO") appeals (1) from the August 4, 1999 order of the United States District Court for the Southern District of New York (Wood, *J.*), granting GTE's motion to dismiss AMICO's Complaint under Fed. R.Civ.P. 12(b)(6), and (2) from the September 25, 2000 order and February 27, 2001 Amended Judgment of the United States District Court for the Southern District of New York (Casey, *J.*), granting GTE's motion to dismiss one repleaded count, its motion for a judgment on the pleadings, and its motion for attorney's fees. *American Motorists Ins. Co. v. GTE Corp.*, 2000 WL 1459813 (S.D.N.Y. Sept.29, 2000). AMICO had sought a declaration that it has no responsibility to GTE for indemnification or defense costs in connection with a wrongful death lawsuit filed against GTE by the estate of Stephen R. Nunn, which eventually settled for $4.5 million.[1] AMICO denied responsibility on the ground that, prior to the settlement, GTE had engaged in discovery violations that had led to severe preclusive sanctions being imposed on it, sanctions which, according to AMICO, compromised GTE's otherwise strong liability defense in the case. GTE also filed its own declaratory judgment action against AMICO for breach of the insurance contract. The two suits were consolidated by Judge Wood, and decided together below.

On appeal, AMICO argues that, under the terms of its insurance policy with GTE, and according to New York public policy, GTE should not be indemnified for a settlement that resulted from GTE's willful discovery violations. More specifically, AMICO contends that it has no responsibility to GTE because, by engaging in the discovery violations, GTE breached both the Cooperation Condition of its insurance policy and the policy's Subrogation Condition. Moreover, AMICO claims that New York public policy prohibits the indemnification of intentional misconduct and the indemnification of punitive damages. AMICO also contends that GTE was not entitled to attorney's fees incurred in its affirmative declaratory action.

All these arguments were analyzed in detail by the district judges. We agree with those judges that, for substantially the reasons they gave, AMICO has not set forth any valid claims under New York law. We also agree that GTE has made out its case for judgment on the pleadings and for attorney's fees. We therefore AFFIRM the district judges' dismissal, judgment on the pleadings, and grant of attorney's fees.

---

1. The estate had also sued Falconer Glass Industries, Inc., which contributed an additional $500,000 to the settlement.